IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS A. BENJAMIN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No.: 09-4885 |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION | : | |
|     Defendant. | : | |

M E M O R A N D U M

**SITARSKI, M.J.**                                                                                                                                     May 23, 2011

Currently pending before the Court is a motion for summary judgment filed by Defendant National Railroad Passenger Corporation. For the following reasons, the motion will be **DENIED**.

I.     INTRODUCTION

On October 23, 2009, Plaintiff Nicholas A. Benjamin initiated this lawsuit by filing a Complaint against Defendant National Railroad Passenger Corporation ("AMTRAK"). Plaintiff's Complaint alleges negligence in violation of Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et. seq.*, Federal Safety Appliance Act ("FSAA"), 49 U.S.C.A. § 20301 *et. seq.*, and the Federal Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 *et seq*. On November 13, 2009, AMTRAK filed its Answer.

This matter initially was assigned to District Court Judge Juan R. Sanchez. On February 17, 2010, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, and the matter was referred to me. (Doc. No. 11).

Defendant National Railroad Passenger Corporation has filed a Motion for Summary Judgment. (Doc. No. 17). Defendant moves for summary judgment on the grounds that judicial estoppel operates to bar Plaintiff from pursuing his personal injury claim against Defendant because Plaintiff failed to disclose the existence of this claim in subsequent Bankruptcy Court filings. Plaintiff filed a Response in Opposition, arguing that judicial estoppel should not be applied in this case because there is no evidence of any intent to defraud the courts or his creditors, and Plaintiff did not obtain an unfair advantage. (Doc. No. 21). This motion is now ripe for disposition.

## II. RELEVANT FACTS

Plaintiff contends that on or about August 25, 2008, he was bitten by a spider while at work at the Defendant's railroad facility. Comp. ¶ 11. Plaintiff claims that this spider bite caused him various injuries to his body, some of which are (or may be) permanent. Comp. ¶ 13. Plaintiff claims that the accident was a result of Defendant's negligence, including failing to properly treat the facility to prevent the presence of bugs, spiders and insects. Comp. ¶ 11. On October 23, 2009, Plaintiff filed this action under the Federal Employers Liability Act ("FELA"), based on Defendant's status as a common carrier.[1] Comp. ¶ 2-8. Plaintiff demands monetary relief in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

---

[1] FELA provides that "[e]very common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. §51.

On April 9, 2009, prior to filing the present action, Plaintiff filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. Def.'s Motion ¶¶ 15 & 16, Exs. L & M. Plaintiff was represented by Jill A. Kolodner, Esquire, in the bankruptcy; Ms. Kolodner filed the relevant forms on Plaintiff's behalf. Def.'s Motion, Exs. L & M. Schedule B of the bankruptcy petition requires the debtor to identify personal property. Def.'s Motion, Ex. M, p. 9-11. The last line on Schedule B asks for "other personal property of any kind not already listed." Def.'s Motion, Ex. M, p. 11, line 35. Plaintiff's form reports "Pending Worker's Compensation claim with AMTRAK for accident on 8/25/2008 - no lost wage claim."[2] *Id*. On July 14, 2009, the bankruptcy petition filed on April 9, 2009, was dismissed for material default in plan payment, and the matter was closed without a discharge. Def.'s Motion, Ex. L.

About one month after filing the present action, on November 20, 2009, Plaintiff filed a second voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. Def.'s Motion ¶ 6, Exs. C & D. Plaintiff was represented by Wanda D. Browne, Esquire, in this bankruptcy, and Ms. Browne filed the relevant forms on Plaintiff's behalf. Def.'s Motion, Exs. D, E & H. Again, Schedule B of the bankruptcy petition requires the debtor to identify personal property. Def.'s Motion, Ex D, p. 18-19. Among the type of property listed on Schedule B appears "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims . . . ." Def.'s Motion, Ex. D, p. 18, line 21. Plaintiff's form is checked "None," thus indicating to the Bankruptcy Court that he had no such claims. *Id*. The last line on Schedule B states "other personal property of any kind

---

[2] It is unclear whether Plaintiff ever actually filed a Worker's Compensation claim. *See* Plt.'s Memo. at 1.

not already listed." Def.'s Motion, Ex. D, p. 19, line 35. Plaintiff's form at this line reports only "Toro lawn mower." *Id*. On January 20, 2010, Plaintiff filed an Amended Chapter 13 Plan, and on February 9, 2010, Plaintiff filed a Second Amended Chapter 13 Plan. Def.'s Motion, Exs. E & H. These amendments do not mention Plaintiff's FELA lawsuit. Def.'s Motion, Exs. E & H.

On March 29, 2010, the Bankruptcy Court issued an Order confirming the Chapter 13 Plan, and also issued an Order that AMTRAK should garnish Plaintiff's wages so that creditors could be paid. Def.'s Motion, Exs. I & J. On July 14, 2010, Plaintiff file an amended bankruptcy petition and Schedule B to reflect his pending FELA claim. Plf.'s Response, Ex. A. As a result, the Bankruptcy Court issued an order disallowing Plaintiff's previously claimed exemptions.[3]

### III. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if there is sufficient evidence from which a jury could find in favor of the non-moving party. *Id.* at 248-29. It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.

---

[3] A review of the Bankruptcy Court docket shows that the Hon. James F. Schneider issued an Order Disallowing Claimed Exemptions on August 26, 2010. *See In re: Nicolas A. Benjamin*, Doc. No. 09-32629, United States Bankruptcy Court for the District of Maryland, Entry No. 48.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) *(citing U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party carries this initial burden, the non-moving party must "come forward with specific facts showing there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The non-moving party must present something more than mere allegations, general denials, vague statements, or suspicions. *Trap Rock Indus. v. Local* 825, 982 F.2d 884, 890 (3d Cir. 1992); *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Instead, the non-moving party must present specific facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. If the non-moving party has the burden of proof at trial, then that party must establish the existence of each element on which it bears the burden. *Celotex Corp.*, 477 U.S. at 322-23.

**IV.     DISCUSSION**

"Judicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion." *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010). "The basic principle of judicial estoppel . . . is that *absent any good explanation*, a party should not be allowed to gain an advantage by litigation on

5

one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G .P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). "Judicial estoppel is 'an extreme remedy, to be used only when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court.'" *Elmiry v. Wachovia Corp.*, 2011 WL 378977, at *3 (3d Cir. 2011)(*quoting Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n. 5 (3d Cir.2008)).

Though there is no rigid test for judicial estoppel, the Third Circuit has identified three factors that inform a federal court's decision whether to apply it: 1) the party to be estopped must have taken two positions that are irreconcilably inconsistent; 2) the change in position was undertaken in bad faith; and 3) a showing that estoppel addresses the harm and no lesser sanction would adequately remedy the damage. *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009)(*citing Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n. 5 (3d Cir.2008)); *Krystal Cadillac-Olds GMC Truck v. General Motors*, 337 F.3d 314, 319 (3d Cir. 2003) (internal quotations omitted).

In the bankruptcy context, a rebuttable inference of bad faith may arise. *Krystal Cadillac-Olds GMC Truck v. General Motors*, 337 F.3d 314, 321 (3d Cir. 2003)("a rebuttable inference of bad faith arises when averments in the [bankruptcy] pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose."); s*ee also Idearc Media LLC v. Glassman*, 2011 WL 570017, at *2 (E.D.Pa. Feb. 15, 2011). However, the Third Circuit has stated that "policy considerations militate against adopting a rule that the requisite intent for judicial estoppel can be inferred from the mere fact of non-disclosure in a bankruptcy proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber*

*Co.*, 81 F.3d 355, 364 (3d Cir. 1996). In *Ryan Operations*, the Third Circuit was "unwilling to treat careless or inadvertent non-disclosures as equivalent to deliberate manipulation when administering the 'strong medicine' of judicial estoppel." *Id*. at 364; *quoting Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993). The Third Circuit rejected "defendant's argument that intent may be inferred for purposes of judicial estoppel solely from non-disclosure notwithstanding the affirmative disclosure requirement of the Bankruptcy Code." *Id*. at 365. Rather, the court stated that judicial estoppel "is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts." *Id*. at 365. In any event, the party to be estopped must have a meaningful opportunity to provide an explanation for its changed position. *Krystal Cadillac-Oldsmobile GMC Truck, Inc*., 337 F.3d at 320.

Here, Defendant argues that judicial estoppel is appropriate because Plaintiff's bankruptcy petition is inconsistent with his FELA claim, and the Bankruptcy Court adopted the contrary position when it approved Plaintiff's Chapter 13 Plan. Citing *Donaldson v. Bernstein*, Defendant argues that a plaintiff's contrary position is "adopted" when a bankruptcy court approves a debtor's plan of reorganization.[4] *See* Def.'s Br. at 17 (*citing Donaldson v. Bernstein*, 104 F.3d 547, 555 (3d Cir. 1997)). Defendant does not directly address bad faith, but Defendant implies that it exists, since "it is impossible to imagine that [Plaintiff] has forgotten about the fact that less than two weeks prior his attorney had filed this FELA claim." Def. Br. at 11.

---

[4] While Defendant cites several other non-Third Circuit cases in support of its position that judicial estoppel is appropriate, those cases are obviously not controlling, and are factually distinguishable from the present case.

Defendant also fails to specifically address whether estoppel would address the alleged harm and no lesser sanction is available.

Plaintiff argues that the positions taken are not inconsistent because the Bankruptcy Court forms did not specifically ask about pending lawsuits. Along the same lines, Plaintiff argues that he did not understand the legalese of Schedule B, and that, as an ordinary person, he did not know that the form sought information about pending lawsuits. Thus, Plaintiff argues that there is no evidence of bad faith or intent to mislead. Further, Plaintiff argues that he did not seek or obtain an unfair advantage. In support of this argument, Plaintiff points to the fact that he amended his bankruptcy petition and Schedule B immediately upon notice of the issue by Defendant's motion. Finally, Plaintiff argues that Defendant cannot show that no lesser sanction is available, since a more appropriate sanction would be the Bankruptcy Court disallowing his claimed exemptions, which (as noted above) has now occurred. Plt. Br. at 1-2.

As to the first prong of the test articulated by the Third Circuit, the undisputed evidence shows that Plaintiff was asked about "contingent and unliquidated claims of every nature," and Plaintiff indicated there were none. This is inconsistent with the position taken in this lawsuit, where Plaintiff contends he has an unliquidated, but substantial, claim against Amtrak. Plaintiff argues that "nothing in the bankruptcy forms specifically ask about lawsuits that the petitioner has pending, and the forms' legalese gave Mr. Benjamin no hint that the questions inquired about lawsuits." Plt. Br. at 4. However, as to the first prong of the test, this argument misses the mark. This particular inquiry focuses solely on the inconsistency of the positions. I find that the positions taken by Plaintiff were inconsistent.

I turn to the second prong of the analysis. Judicial estoppel is unwarranted unless the

party changed his or her position "in bad faith - i.e., with intent to play fast and loose with the court." *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, __ F.Supp. 2d __, 2011 WL 227631, at *5 (E.D.Pa. Jan. 20, 2011)(*citing Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3d Cir. 2001)). The evidence shows that Plaintiff did not disclose his FELA claim on Schedule B, which seeks information on Personal Property. The FELA claim could have been disclosed on line 21 or 35 of the form.[5] However, there is no direct evidence that Plaintiff was specifically asked about a "pending lawsuit" or "legal claim for monetary damages," which he understood, or must have known, to encompass his FELA claim. Additionally, upon notice of the issue, Plaintiff immediately amended his bankruptcy petition and his Schedule B to include the FELA claim.

As stated above, the applicability of judicial estoppel is fact specific. *In re: Kane*, 628 F.3d 631, 639 (3d Cir. 2011)(*quoting Howard Hess Labs, Inc. V. Dentsply Int'l, Inc.*, 602 F.3d 237, 253 n. 6 (3d Cir. 2010)). A threshold requirement for judicial estoppel is a finding of bad faith, which turns on the Court's evaluation of the totality of circumstances. The existence of bad faith is generally a question of fact for the jury to decide. *See In Re: Myers*, 491 F.3d 120, 125 (3d Cir. 2007); *In re Okan's Foods, Inc.*, 217 B.R. 739, 755 (Bkrtcy. E.D.Pa. 1998); *Whitford Land Transfer Co., Inc. v. Seneca Ins. Co., Inc.*, 2008 WL 4792386, at *7 (E.D.Pa. Oct. 31, 2008). Viewing the evidence in the light most favorable to the non-moving party, the Court finds questions of fact concerning Plaintiff's alleged bad faith. Here, Plaintiff avers that he did

---

[5] Line 21 seeks information on "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims . . . ." Def.'s Motion, Ex D, p. 18, line 21. Line 35 seeks information on "other personal property of any kind not already listed." *Id.*, p. 19, line 35.

9

not understand the significance of his FELA claim with respect to his bankruptcy court filing, and he relied on his bankruptcy court counsel to complete the relevant paperwork. The Court notes that Plaintiff was represented by different attorneys in this case and the bankruptcy cases, and must also note that it is therefore possible that the matter was overlooked.[6] Additionally, pursuant to his reorganization plan, Plaintiff is paying one hundred percent of his debts to his creditors. Plt. Br. at 7. Thus, it appears that Plaintiff derived and intended no appreciable benefit from his nondisclosure. This fact weighs against a finding of bad faith. Finally, Plaintiff did amend his bankruptcy court filings as soon as he became aware of the issue. Thus, the record creates enough of a question of fact regarding Plaintiff's intent as to preclude the application of the extreme remedy of judicial estoppel. *See Dawson v. J.G. Wentworth & Co., Inc.*, 946 F.Supp. 394, 397 -398 (E.D.Pa.1996).

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[6] The Schedule B form does not specifically ask the debtor to disclose pending lawsuits or legal claims for money damages. *See* Def.'s Motion, Exs. D at 18-19 & M at 11-12. Additionally, there is nothing to establish that Plaintiff's bankruptcy counsel explained that his FELA claim would be considered personal property in the bankruptcy context.